## TRAVELERS' INS. CO. v. TOWNSHIP OF OSWEGO.

### (Circuit Court, D. Kansas. April 11, 1893.)

### No. 6,846.

1. CONSTITUTIONAL LAW—SPECIAL AND GENERAL LAWS—SPECIAL REFUNDING ACT—TOWNS

The Kansas constitution recognizes and makes provision for the election and tenure of office of township officers, and by Laws Kan. 1868, which is a general act, the duties and powers of township officers are defined. In 1875, the legislature passed a general refunding law, which provides that, before any refunding bonds can be issued, an election shall be held, at which the question shall be voted upon, and that the proper authorities of any county, township, or city shall issue the refunding bonds provided for by the act. By Laws Kan. 1881, c. 170, as amended in 1883, commissioners were appointed to refund the bonded indebtedness of the township of Oswego, and were empowered to do all things needful for the compromising and refunding of the township bonds. *Held*, that as the act of 1881, as amended, is a special act, and as its effect is to suspend the uniform operation of the general township law and of the general refunding act, it violates the provision of the Kansas constitution that, "in all cases where a general law can be applicable, no special law shall be enacted."

2. SAME—PURCHASERS OF BONDS—ESTOPPEL.

The purchasers of municipal bonds are conclusively presumed to know the law of the state, both constitutional and statutory, bearing upon the power of the municipality to issue the bonds, and the municipality cannot be estopped, by recitals in the bonds, to deny, even as against bona fide purchasers, the powers of commissioners appointed by the legislature to issue them.

At Law. Action by the Travelers' Insurance Company against the township of Oswego upon coupons of certain refunding bonds. On demurrer to petition. Demurrer sustained.

W. H. Rossington, C. B. Smith, and F. J. Dallas, for plaintiff.
W. F. Rightmire and F. H. Atchinson, for defendant.

RINER, District Judge. This is an action upon coupons of certain refunding bonds, purporting to have been issued by the township of Oswego, through certain agents and commissioners of that township, appointed by the legislature. The plaintiff, in its petition, claims to be a bona fide purchaser of these bonds and coupons for value, and before maturity thereof. The petition contains 155 separate causes of action. The case is before the court upon a demurrer to each cause of action.

It is contended by the defendant township that the act of the legislature recited in the bonds, and under which the bonds and

coupons were issued, is void and unconstitutional, and confers no authority upon the persons therein named as commissioners to act for the defendant; that the acts of the commissioners, appointed by the act of the legislature, were not the acts of the defendant; and that the bonds issued by them were not the bonds of the defendant, and are not legal obligations of the defendant; and that they confer no rights upon the plaintiff even if it is, as alleged in its petition, the purchaser of the bonds and coupons for value, and before maturity. Several very interesting questions are presented, and have been ably argued upon both sides. The legislature of Kansas, by the act of 1881, (being chapter 170 of the Laws of 1881,) and by the act of 1883, which is amendatory of the act of 1881, attempted to provide for funding the indebtedness of this defendant township, and, among other things, provided "that for the purpose of compromising the bonded indebtedness, and the judgments thereon, of the said township of Oswego, and for the issuing of the bonds and coupons provided by this act, C. M. Condon, J. B. Draper, and Thomas Throut, of the county of Labette, are made and declared the commissioners and the agents of said township of Oswego, and they shall designate one of their number to serve them as chairman, and another to serve them as clerk, and all bonds issued by them under the provisions of this act, and the coupons thereunto attached, shall be signed by their chairman and attested by their clerk; and in the compromising and funding of said indebtedness of said township the said commissioners shall have full power and authority to do all things needful: provided, that no portion of said indebtedness shall be compromised by said commissioners at a higher rate than thirty cents on the dollar." By an act of the legislature of March 11, 1868, (being chapter 110 of the General Statutes of 1868,) it is provided "that each organized township in the state shall be a body politic and corporate, and in its proper name may sue and be sued, and may appoint all necessary agents and attorneys in their behalf, and may make all contracts that may be necessary and convenient for the exercise of their corporate powers." The act further provides that, at the township election in each year, there shall be elected in each municipal township one trustee, one clerk, one treasurer, two constables, and one road overseer in each road district in the township. The constitution of the state contains the following provision in relation to the election of township officers: "Township officers, except justices of the peace, shall hold their office one year from the Monday next succeeding their election, and until their successors are elected and qualified." Thus, it will be seen that these township organizations are recognized as such in the constitution of the state, and the legislature, by the act of 1868, (being a general law of uniform operation throughout the state, and still in force,) has provided what officers the township shall have, and has defined their duties and powers. In 1875 the legislature passed a general refunding law which was to have uniform operation throughout the state, and which has never been repealed. This act provides that, before any refunding bonds can be issued by any municipality, an election shall be held, at which

the electors of such municipality shall vote upon the question of refunding the indebtedness, and what particular indebtedness is to be refunded, and provides that the proper authorities of any such county, township, or city are to issue the refunding bonds provided for by the act. The constitution of the state contains this provision: "And, in all cases where a general law can be applicable, no special law shall be enacted." Hence one of the questions raised at the argument, and perhaps the only one which it will be necessary to consider in disposing of these demurrers, is, had the legislature the power to create an agency, or refunding commission, to carry out the requirements of these acts of 1881 and 1883, and to execute the bonds and to name such commission in the acts? There is no doubt but what these acts are in the nature of special laws. They apply only to the township of Oswego; they provide for refunding its indebtedness; they take away from the officers of the township the power to act as such officers in behalf of the township; they take away from the electors of the township the right to vote upon the question of refunding the indebtedness, and the right to say what particular indebtedness should be refunded. While not repealing, in terms, the act of 1868, providing what officers a township shall have, and of 1875, providing for refunding the indebtedness of counties, townships, and cities, yet, if valid, the effect of this legislation would be to suspend the uniform operation of the general laws, above mentioned, throughout the state; and that which was a general law, and had the required uniformity of operation, still remains a general law, but is no longer of uniform operation, and the provisions of the constitution would thus be nullified. Clearly, no such power is given to the legislature. Whatever may be the rule if the attempt to limit the operation of a general statute was a part of the statute itself, when the attempted limitation is sought by a separate act, the latter must fall while the former stand. I conclude, therefore, that the acts of 1881 and 1883, under which these bonds were issued, cannot be considered as a rightful exercise of legislative authority.

The purchasers of bonds are conclusively presumed to know the law of the state, both constitutional and statutory, bearing upon the power of the municipality to issue bonds; and no recitals contained in the bonds can estop a corporation or municipality to insist that the purchasers of the bonds knew the statute law of the state. The commissioners appointed by the legislature to issue these refunding bonds for and on behalf of the defendant township being wholly without power to issue the bonds, the purchasers are not aided by the recitals contained therein.

While it would be interesting to consider other questions raised at the argument, yet, as the views already expressed are sufficient to dispose of the demurrers I do not consider it necessary to do so. The demurrers will be sustained, and a judgment entered in favor of the defendant for costs.